No. 25-1730

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

**PSEG RENEWABLE TRANSMISSION LLC,**

*Appellants*,

**v.**

**ARENTZ FAMILY, LP** *et al.*,

*Appellees.*

_____

On Appeal from the United States District Court for the District of Maryland
(Adam B. Abelson, United States District Judge)

_____

**MOTION TO EXPEDITE APPEAL**

_____

HARRIS W. EISENSTEIN
DAVID M. WYAND
LAUREN M. MCLARNEY
Rosenberg Martin Greenberg, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
heisenstein@rosenbergmartin.com
dwyand@rosenbergmartin.com
lmclarney@rosenbergmartin.com
(410) 727-6600
(410) 727-1115 (facsimile)

*Attorneys for Certain Named Respondents*

Pursuant to the Fed. R. App. P. 27 and Local Rule 12(c), Appellants, Arentz Family, LP, Barney's Farm, LLC, Charles William Bond, Morgan Davis Bond, Charlotte Ruth Bixler, Morris L. Bohlayer, Sharon A. Bohlayer, Gary J. Brockmeyer, Nancy M. Brockmeyer, Esther Johann Lentz-Buenger, Helen L. Bull, Chistopher D. Cockey, Carmen Cockey, Thomas B. Collins, Tracey W. Collins, Diane M. Cook, James R. Cook, Robert L. Donmoyer, Dorothy I. Donmoyer, Petrice Marie Donmoyer-Resh, Richard M. Doster, The Dug Hill Rod & Gun Club, Keith Emerson Ensor, Kevin Lee Ensor, Zhejun Fan, Joseph L. Gover, Raina C. Gover, HZ Properties, LLC, Bryan Hendrix, Connie Hendrix, Kimberly A. Johnston, Mohamad A. Kourani, Nada E. Kourani, Julia Lu, M & R, LLC, John D. Meader, Deborah H. Maeder, Nancy P. MacBride, Andrew D. McLean, Rebecca McLean, Carl E. Miller, Betty Lou Miller (Deceased), Catherine V. Miller, Kenneth E. Miller, Fay Ann Miller, Wayne D. Miller, Benjamin Eugene Nusbaum, Kenneth Eugene Nusbaum, Chris N. Resh, Rebecca Irene Scollan, Robert H. Stickles, Sr., Alene R. Stickles, Erich Charles Steiger, Troyer Farms, LLC, Troyer Real Estate, LLC, Matt Unkle, Tomi Unkle, Leslie Alfred White, Justin Wright, and Amy Gayle Youngblood (collectively, "Appellants"), by and through their undersigned counsel, respectfully move to expedite their appeal from the United States District Court for the District of Maryland's June 20, 2025, interlocutory Memorandum Opinion (ECF 254), Order (ECF 255), and Preliminary Injunction (ECF 256), collectively granting Appellee

PSEG Renewable Transmission LLC's Motion for Preliminary Injunction (collectively, the "Preliminary Injunction").[1]

## INTRODUCTION

Appellants noted this appeal on June 24, 2025. That same day, Appellants filed a Motion to Stay Preliminary Injunction Pending Appeal, asking the district court to suspend the Preliminary Injunction during the pendency of this appeal. The district court denied that motion on July 11, 2025. Appellants intend to file a motion to stay in this Court, pursuant to Fed. R. App. P. 8(a)(2).

The impending motion to stay notwithstanding, expeditious resolution of this appeal is necessary to preserve the Court's ability to rule on questions expressly within its jurisdiction. Specifically, the Preliminary Injunction authorizes Appellee PSEG Renewable Transmission LLC ("PSEG" or "Appellee") to immediately enter private property owned by Appellants for the purpose of conducting studies and surveys. Absent an expedited appeal, briefing will extend into late 2025, and a ruling will issue in the ordinary course. In the meantime, Appellee will enter Appellants' land and complete the work authorized by the Preliminary Injunction. This invasion of Appellants' property rights will occur before the Court has an opportunity to

---

[1] Copies of the Memorandum Opinion (ECF 254), Order (ECF 255), and Preliminary Injunction (ECF 256) are attached hereto as **Exhibits 1, 2, and 3**, respectively.

address this appeal on the merits, and such damage cannot be undone no matter the outcome on appeal.

Accordingly, and for the reasons that follow, the Court should grant this Motion and adopt the proposed briefing schedule below:

1. Deadline for Appellants' Brief: August 13, 2025

2. Deadline for Appellee's Brief: September 3, 2025

3. Deadline for Appellants' Reply Brief: September 17, 2025

Pursuant to Local Rule 27(a), on July 11, 2025, counsel for Appellants informed counsel for Appellee of the intended filing of this Motion. Appellee does not consent to the relief requested herein. *See* **Exhibit 4**. Pursuant to Local Rule 12(c), Appellants believe the parties can present the appeal on the existing record. Appellants also respectfully request that the Court schedule oral argument in this appeal and issue an opinion on an expedited basis.

### ARGUMENT

**I.    Because this appeal concerns a preliminary injunction, it should be expedited under 28 U.S.C. § 1657(a).**

28 U.S.C. § 1657(a) provides that "each court of the United States… shall expedite the consideration of any action… for temporary or preliminary injunctive relief." The ruling on appeal—providing for injunctive relief—merits expeditious consideration for this reason alone. *See, e.g., American Bioscience, Inc. v. Thompson*, 269 F. 3d 1077, 1084, n.8 (D.C. Cir. 2001) ("[U]nder 28 U.S.C. § 1657(a)

3

the granting or denying of a preliminary injunction is the basis for an expedited appeal").

Expedited appellate review is also warranted because, as the district court observed, the Preliminary Injunction is "largely congruent with the final relief that PSEG seeks through its complaint as final relief." ECF 254 at 43. Appellee can immediately "enter" and "remain on" private property owned by Appellants "to make surveys, run lines or levels, or obtain information relating to the acquisition and future use of the properties in connection with the Maryland Piedmont Reliability Project." ECF 256.[2] The only condition to such entry is that PSEG provide "not less than 24 hours' notice" to any affected Appellant "by taping a notice on the front door of the [Appellant] (but PSEG may give one notice for entry on multiple days)." *Id.* Absent an expedited appeal, Appellee will exercise its rights under the Preliminary Injunction before this Court has an opportunity to examine the propriety of the district court's decision.

---

[2] For context, Appellee proposes to construct a 67-mile, 500 kilovolt aboveground transmission line across Maryland known as the Maryland Piedmont Reliability Project. In order to construct the project and acquire associated property rights by eminent domain, Appellee must first obtain a Certificate of Public Convenience and Necessity ("CPCN") from the Maryland Public Service Commission. Md. Code, Pub. Util. § 7-207(b)(3)(i). Appellee's application for a CPCN is pending.

4

## II. There is good cause to expedite this appeal.

Section 1657(a) also mandates expedited review where "good cause therefor is shown." 28 U.S.C. § 1657(a) ("'good cause' is shown if a right under the Constitution of the United States or a Federal Statute… would be maintained in a factual context that indicates that a request for expedited consideration has merit."). Although Appellants need not establish good cause given that this appeal concerns an order granting a preliminary injunction, 28 U.S.C. § 1657(a), there is good cause to expedite the appeal because (1) delay will cause irreparable injury to Appellants and (2) expeditious resolution is in the public interest.

### A. Delay will cause Appellants irreparable injury.

The injury to Appellants without expedited resolution of this appeal cannot be overstated. A preliminary injunction is "an extraordinary remedy" available only in extraordinary circumstances. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) ("preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.") (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 816 (4th Cir.1991). The typical form of preliminary injunction, known as a prohibitory injunction, aims to maintain the status quo. *League of Women Voters of*

5

*N. Carolina*, 769 F.3d at 236 (defining the status quo as "the last uncontested status between the parties which preceded the controversy") (citations omitted).

"Unlike prohibitory preliminary injunctions, mandatory preliminary injunctions alter, rather than preserve, the status quo, and therefore are disfavored, and warranted only in the most extraordinary circumstances." *2311 Racing LLC v. Nat'l Ass'n for Stock Car Auto Racing, LLC,* No. 24-2245, 2025 WL 1584984, at *2 (4th Cir. June 5, 2025) (internal citations and quotations omitted); *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("Mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.").

The irreparable injury to Appellants is heightened because Appellee sought and the district court awarded a mandatory injunction. Prior to June 20, 2025, Appellee could not enter Appellants' properties. Now, by virtue of the Preliminary Injunction, Appellee can.

If the Preliminary Injunction is not stayed pending appeal, failure to expedite the appeal guarantees that Appellants will lose no matter how the appeal is decided. In that circumstance, Appellee will enter Appellants' properties in the coming weeks, well before this Court hears and decides the appeal. Should Appellants later prevail on appeal, they will have nothing to show for it because Appellee will have already

completed its investigations. It is therefore critical for this Court to address the merits of this appeal on an expedited basis.

### B. The public interest favors expedited review.

In addition to protecting Appellants' rights, expedited review will also protect the interests of hundreds of landowners affected by the outcome of this case. Appellee sued 117 landowners in this action, which computes to just 28.6% of all landowners within the right-of-way for Appellee's proposed 67-mile transmission line. ECF 92-4 (**Exhibit 5**) at F-3 ("Unique property owners within ROW (count) 409"). Appellee is certain to use the Preliminary Injunction as "persuasive authority" in future litigation seeking access rights to property owned by the 292 landowners not named in this case. If that occurs before this appeal is decided, the unnamed landowners will have no meaningful opportunity to protect their interests. That is not equitable, nor is it in the public interest.

Accordingly, the Court should expedite this appeal to protect the interests of Appellants and those similarly situated.

### CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court grant this Motion, order the briefing schedule proposed above, and otherwise expedite this appeal to final resolution.

Respectfully submitted,

*/s/ Harris W. Eisenstein*
Harris W. Eisenstein (Fed. Bar No. 29694)
David M. Wyand (Fed. Bar No. 23413)
Lauren M. McLarney (Fed. Bar No. 20982)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street 21st Floor
Baltimore, Maryland 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
heisenstein@rosenbergmartin.com
dwyand@rosenbergmatin.com
lmclarney@rosenbergmartin.com

*Attorneys for Appellants*

8

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type volume limitations of Federal Rule of Appellate Procedure 27(d) and 32(c) because the motion contains 1,525 words, excluding the parts of the motion exempted by Rule 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because the motion has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen point, Times New Roman.

*/s/ Harris W. Eisenstein*
Harris W. Eisenstein

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2025, a copy of the foregoing Motion to Expedite Appeal was served through the CM/ECF System on all counsel of record.

*/s/ Harris W. Eisenstein*
Harris W. Eisenstein